UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE BOLAND, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-1739 (JCH) |
| TOWN OF NEWINGTON | : | |
|     Defendant. | : | JANUARY 12, 2007 |

**RULING RE: MOTION TO QUASH (Doc. No. 50)**

Plaintiff Elaine Boland brings action against the defendant, the Town of Newington (the "Town"), alleging, *inter alia*, two counts of retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60, et seq.  Both claims are based on the Town's alleged disclosure of a confidential settlement involving Boland.

MaryEllen Fillo, who is not a party to this action, moves pursuant to Rule 45(c)(3)(A)(iii) and (iv) of the Federal Rules of Civil Procedure to quash a subpoena issued by Boland commanding Fillo's appearance at a December 1, 2006 deposition. The bases of the motion to quash are that Ms. Boland has failed to vitiate Fillo's journalist's privilege and that the burden of compliance on Ms. Fillo would outweigh the benefit to Ms. Boland.

For the following reasons, Fillo's motion to quash is DENIED.

**I.    BACKGROUND**

On September 2003, Boland and the Town executed a settlement agreement, the terms of which were to remain confidential. The following August of 2004, Boland, who had been an employee of the Town for years, was appointed to fill a vacancy on

the Town's Police Dept. Building Committee.  Boland claims this appointment angered Town officials who were aware of her previous suit against the Town.

On August 25, 2004, an article by Fillo ran in the *Hartford Courant* disclosing the amount of the settlement paid to Boland.  The fact and amount of the settlement had become part of the public record about one year before the *Courant* article, when an August 28, 2003 letter from the Town's liability insurance carrier to the Town concerning the settlement was filed in the Newington Finance Department.  Because the settlement was a matter of public record, the parties agree that the source of Fillo's article is nonconfidential.

On April 7, 2006, Boland issued a subpoena for Fillo to be deposed in connection with this case.  Fillo moved to quash on the grounds that, because Boland had only deposed two of the town council members, she had not made sufficient efforts to obtain the desired information from other sources.  The court granted the Motion to Quash (Doc. No. 46) on August 13, 2006

Since the court's grant of the first Motion to Quash, Boland has deposed 13 individuals, including all current and former council members relevant to this action, the former Mayor of Newington, and the Town's Finance Director.  All these deponents testified that they did not disclose the settlement agreement to anyone and did not know who disclosed this confidential information to Fillo.  None of the individuals deposed identified any other employees or agents of the Town who would have knowledge of the settlement.

## II.     DISCUSSION

### A.     The Journalist's Privilege

In this Circuit, "[w]here a civil litigant seeks nonconfidential materials from a nonparty press entity, the litigant is entitled to the requested discovery notwithstanding a valid assertion of the journalists' privilege, if she can show that the materials at issue are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other relevant sources." Gonzalez v. Nat'l Broadcast Co., Inc., 194 F.3d 29, 36 (2d Cir. 1999).

Fillo first argues that Boland cannot demonstrate that the information Boland seeks from Fillo's deposition is of likely relevance to a significant issue in the case. Fillo states in an affidavit that she attended an open Town Council meeting at which one or more members of the public informed her about the fact and amount of the settlement between Boland and the Town. Fillo Aff. at ¶ 6-7 (Doc. No. 50-6). No other person disclosed the amount of the settlement to Fillo. Id. at ¶ 9. However, Fillo claims that she "has no recollection of who told her about the settlement," Pl. Memo. at 4, including the identity or gender of the individual or individuals who made the disclosure. Fillo Aff. at ¶ 7. Fillo also claims that there are no documents which would refresh her recollection about who informed her of the settlement. Id. at 8. Because Fillo only learned about the settlement amount at a Town Council meeting from one or more members of the public whose identity she does not recall, Fillo concludes that her deposition cannot yield any information useful to Boland's retaliation claims.

The court rejects this assertion. What Boland seeks is information tending to

3

demonstrate that someone from the Town Council improperly leaked information about the amount of the confidential settlement in order to retaliate against Boland for her age discrimination claim.  In a strictly evidentiary sense, Fillo's memory does not go to the relevance of the information Boland seeks.  Further, the court is not aware of any authority that would allow a party to avoid making a witness available for deposition simply by having the witness submit an affidavit stating that, although the witness once had knowledge relevant to the case, that witness no longer has any recollection of the requested information.  The more important point, however, is that, even assuming that Fillo's memory has failed in exactly the manner she asserts, her deposition could still yield information useful to Boland.  As noted in oral argument on this motion, Fillo may recall whether her ultimate source(s) for the settlement amount indicated that they had been told about the settlement by a member of the Town Council.  Fillo might also recall whether her source(s) indicated that a council member instructed him or her to disclose the settlement to Fillo.  This information certainly would be relevant to Boland's claim, as it would at the very least establish the necessary predicate that Town Council members were disclosing the terms of Boland's confidential settlement agreement.

     Fillo next asserts that the fact that settlement was made public prior to its disclosure to Fillo militates against a finding of relevance.  The court finds that this argument lacks merit.  That the information was already made public when Fillo learned of it necessarily means that Fillo is not trying to protect a confidential source.  As the Second Circuit found in <u>Gonzales</u>, "where the protection of confidential sources is not involved, the nature of the press interest protected by the privilege is narrower." <u>Gonzales</u>, 194 F.3d at 36.  This is precisely why the privilege weakens when a

nonconfidential source is at issue.  Id.  Legally, then, the more immediate effect of the settlement having been made a part of the public record before its disclosure to Fillo is not to heighten Boland's burden of showing relevance, but to reduce Fillo's interest in refusing to discuss her source.

As to whether Boland has made a sufficient showing that the source of Fillo's information is not reasonably obtainable from other available sources, Fillo contends that Boland has not deposed other Town personnel who might have information concerning the alleged disclosure.  Fillo notes specifically that employees in the Finance Department and the Town Clerk may have had knowledge of the settlement and should be deposed by Boland before forcing Fillo to give a deposition.

The court disagrees.  Boland has taken the depositions of all thirteen members of the Town Council, including the former mayor.  She has also taken the depositions of members of the Finance Department.  Although Boland has not deposed the Town Clerk, Fillo has not presented any evidence that the Town Clerk would have any knowledge pertinent to this case.  The command in Gonzales that Boland seek out reasonably obtainable and relevant sources does not require that she depose every possible source of information before the Fillo's claimed privilege must yield.  The court also notes that the cases Fillo cites for proposition that courts sometimes require that a movant interview many dozens of non-media sources to overcome the privilege all deal with confidential sources.  See, e.g., In re Petroleum Prods. Antitrust Lit., 680 F.2d 5 (2d Cir. 1982).  Thus, the court is satisfied that Boland has demonstrated that the information she seeks is now only reasonably obtainable from Fillo.  The court therefore denies Fillo's motion to quash based on the journalist's privilege.

### B. Burdensome Discovery

Under Rule 26(b)(2)(iii)) of the Federal Rules for Civil procedure, the court may limit discovery if "the burden or expense of discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Relying on this standard, Fillo contends that this court should quash the subpoena because there is a "heavy cost" to Fillo from complying with the subpoena and that permitting the deposition would ultimately have deterrent/chilling effects on the media at large. Also, Fillo argues that her lack of memory and the fact that settlement was made public record robs her testimony of its probative value.

The court holds that Fillo has not demonstrated appropriate grounds for preventing her deposition under Rule 26. As discussed above, Fillo's deposition may yield information relevant to Boland's cause of action, even if Fillo does not recall the identity of her informant. Further, if Fillo does not actually recall the information sought, the personal burden on Fillo of complying seems minimal. As for any potential negative impact that requiring Fillo's deposition may have on the media at large, the court is not persuaded that forcing a journalist to reveal a nonconfidential source risks the chilling effects that Fillo forecasts. The court therefore denies Fillo's motion to quash pursuant to Rule 26.

### III. CONCLUSION

For the foregoing reasons, Fillo's Motion to Quash (Doc. No. 50) is DENIED.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 12th day of January, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge