**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ELAINE BOLAND, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-01739 (VLB) |
| TOWN OF NEWINGTON, | : | |
| Defendant. | : | July 16, 2007 |

MEMORANDUM OF DECISION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #65]

The plaintiff, Elaine Boland, filed a complaint against the defendant, the town of Newington ("town"), in Connecticut Superior Court. Boland claimed, inter alia, that the town had breached its contract with her and retaliated against her in violation of both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. [Doc. #1, Ex. A] The town removed the case to this Court and filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to any of Boland's claims. For the reasons given below, the town's motion is GRANTED as to Boland's ADEA claim, and the remaining claims are REMANDED to the Connecticut Superior Court for the Judicial District of New Britain.

The following facts are relevant to the town's motion. Boland was employed by the town as an assistant clerk and was terminated in October 2000. She subsequently commenced an action against the town in Connecticut

Superior Court, claiming that the town had terminated her on account of her age. In September 2003, the parties signed a settlement agreement, which provided for the withdrawal of Boland's action in consideration for a $40,000 payment from the town. According to paragraph 6(a) of the settlement agreement, the parties were not to "make any voluntary statement or take any action that might reasonably be expected to result in the disclosure of, or any publicity concerning the terms of this Agreement, or the consideration paid to [Boland]." [Doc. #66, Ex. 13] Paragraph 6(a) also included a liquidated damages clause that provided that if a party breached the non-disclosure provision, then that party would have to pay $5,000 to the non-breaching party.

In July 2004, Boland was nominated to fill a vacancy on the town police department building committee ("building committee"). Boland's appointment to that position was subject to approval by the town council ("council"). Although Boland's prior lawsuit against the town led one member of the council, Cathleen Hall, to question Boland's suitability, the council voted unanimously to appoint Boland to the building committee on August 24, 2004. The next day, the Hartford Courant ("Courant") published an article about the building committee's activities. The article noted that Boland had been appointed to the building committee and that she had settled her prior lawsuit against the town "for an estimated $40,000." [Doc. #66, Ex. 15] The article did not cite the source of that information.

Boland then commenced this action in Connecticut Superior Court,

claiming that the town had breached the settlement agreement by disclosing the amount of the settlement to the Courant. Boland further claimed that the town's alleged breach of the settlement agreement constituted retaliation against her in violation of the ADEA and the CFEPA. The town then removed the action to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 because of Boland's ADEA claim. [Doc. #1, p. 2] The town now seeks summary judgment as to all of Boland's claims.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the

absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor."  Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

As to Boland's sole federal claim under the ADEA, the town moves for summary judgment on the ground that the disclosure of the amount of the settlement did not constitute retaliation against her, even if the town was responsible for the disclosure.  Boland argues in opposition that the disclosure was a form of retaliation because it caused her to suffer "substantial distress." [Doc. #70, p. 29]

As an initial matter, although Boland was a former employee of the town at the time of the alleged retaliation, a former employee may sue a former employer under the ADEA for retaliatory acts that occur after the termination of the employment relationship.  See Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997) ("It being more consistent with the broader context of Title VII [of the Civil Rights Act of 1964] and the primary purpose of § 704(a) [of Title VII, making it unlawful 'for an employer to discriminate against any of his employees'], we hold that former employees are included within § 704(a)'s coverage.").  "Claims under the ADEA . . . receive the same analysis as claims under Title VII."  McInnis v. Town of Weston, 375 F. Supp. 2d 70, 80 (D. Conn. 2005) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 60 (2d Cir. 1997)).

"The anti-retaliation provision protects an individual not from all retaliation,

4

but from retaliation that produces an injury or harm. . . . [A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2414-15 (2006). "[I]t is important to separate significant from trivial harms." Id. at 2415. "[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." Id. "Although 'purely subjective injuries,' such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions, the threshold is met when an employee experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." Holcomb v. Powell, 433 F.3d 889, 902 (D.C. Cir. 2006).

An examination of the pleadings, depositions, and affidavits in this case, viewed in the light most favorable to Boland, reveals a lack of evidence supporting her claim that she suffered actionable harm as a result of the disclosure of the settlement amount in the Courant article. Boland testified in her deposition that she was unhappy with the article because she was the subject of a portion of it. [Doc. #72, Ex. 24, pp. 71-77] She testified that the article "humiliated me all over again. Once again my private business is dragged through the media for all to see. [The article said that] I was dismissed from [the

position of assistant clerk in October 2000]. That makes me sound like I'm a loser, like I'm a bad employee, like maybe I'm not an intelligent human being." [Doc. #72, Ex. 24, p. 73] Boland further testified: "I'm under the stress of having my name in the paper . . . ." [Doc. #72, Ex. 24, p. 77]

Neither the settlement nor the amount of the settlement, however, was the focus of the article. The article reported that Boland had just been appointed to the building committee and noted by way of background that she had previously sued the town and settled the lawsuit for approximately $40,000. According to Boland's testimony, the "humiliation" and "stress" that she allegedly experienced resulted from the publication of the article, but not specifically from the disclosure of the settlement amount. Boland did not testify that she was humiliated or distressed by the revelation that she had settled her prior lawsuit specifically for $40,000, rather than a higher amount. If she had testified that $40,000 would be considered an embarrassingly low amount, for example, she would have linked her alleged humiliation and distress to the disclosure. Boland's testimony, therefore, does not establish a connection between her alleged humiliation and distress and the disclosure of the specific amount of the settlement.

Furthermore, Boland has failed to show material adversity. She has not produced any evidence that the alleged distress was more than an annoyance. She neither asserts nor has she shown that she sought any treatment or incurred any expense due to the publication of the settlement amount. The harm she

claims to have suffered is purely subjective and not of a severity sufficient to dissuade a reasonable person from making a charge of discrimination in order to avoid experiencing such harm.

Boland's testimony also indicates that the disclosure of the settlement amount did not affect her subsequent employment or business prospects. Boland testified that she was self-employed when the Courant article was published and that she has not sought any other type of employment since the article was published. [Doc. #72, Ex. 24, pp. 70-71] In conclusion, she has not offered evidence on which a jury reasonably could find that the disclosure significantly harmed her. Consequently, there is no genuine issue of material fact as to whether Boland suffered a harm against which the anti-retaliation provision of the ADEA protects.

The Court GRANTS the town's motion for summary judgment as to Boland's ADEA claim. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Boland's breach of contract and CFEPA claims and REMANDS them to the Connecticut Superior Court for the Judicial District of New Britain. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 16, 2007.